IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL ALEXANDER BETHEA,**

    Petitioner,

v.                                                                                  Civil Action No. **3:09cv613**

**DIRECTOR, DEPARTMENT OF CORRECTIONS,**

    Respondent.

## MEMORANDUM OPINION

Michael Alexander Bethea, a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Bethea raises five grounds for relief:[1]

| | |
|---|---|
| Claim 1 | The state court lacked jurisdiction over this case because federal courts have exclusive jurisdiction over the crime of bank robbery. (§ 2254 Pet. 6.) |
| Claim 2 | Bethea received ineffective assistance of counsel because Bethea's attorney: |
| | (a) only consulted with Bethea once prior to the plea hearing (§ 2254 Pet. 7); and |
| | (b) withheld discovery from Bethea, which permitted the prosecution to introduce "erronious [sic] evidence" that induced his guilty plea (§ 2254 Pet. 7–8). |
| Claim 3 | Bethea's multiple punishments violate due process, equal protection, and protections against Double Jeopardy. (§ 2254 Pet. 12.) |
| Claim 4 | The Circuit Court violated Bethea's rights when it did not permit Bethea to proceed *pro se* at sentencing. (§ 2254 Pet. 15.) |

---

[1] Because Bethea's system for identifying his claims is unhelpful, the Court generally employs the Respondent's method for identifying Bethea's claims. The Court, however, has added Claim 5 as a separate ground for relief.

Furthermore, the Court construes Bethea's petition to raise another ground for relief:

> Claim 5    The Circuit Court violated Bethea's rights when it did not permit Bethea to present evidence at sentencing. (§ 2254 Pet. 8.)

Respondent has moved to dismiss on the grounds that Claim 1 lacks merit (Br. Supp. Mot. Dismiss 3); that Claims 2(a), 3, and 4 are procedurally defaulted (Br. Supp. Mot. Dismiss 7–9) ; and Claims 2(b) and 5 are too unclear to state a cause of action (Br. Supp. Mot. Dismiss 5). Respondent concedes that Bethea has exhausted state remedies. (Br. Supp. Mot. Dismiss 3.) Respondent filed a Rule 5 Answer (Docket No. 17), providing Bethea with appropriate *Roseboro*[2] notice (Docket No. 19). Both parties have consented to the jurisdiction of a United States Magistrate Judge. (Docket Nos. 11, 20.) The matter is ripe for disposition. For the reasons that follow, the Court will GRANT Respondent's Motion to Dismiss. (Docket No. 16.)

## I. PROCEDURAL HISTORY

### A.    Bethea's Convictions

On August 15, 2005, Bethea robbed two bank tellers at a bank in Chesapeake , Virginia. Bethea pleaded guilty to two counts of robbery in violation of section 18.2-58 of the Virginia Code. On February 28, 2006, the Chesapeake Circuit Court ("Circuit Court") sentenced Bethea to serve a term of incarceration of sixty years, with twenty-five years suspended.[3]

---

[2] *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975).

[3] On July 27, 2006, the Circuit Court of the City of Alexandria, Virginia sentenced Bethea to serve a term of incarceration of fifteen years pursuant to a separate conviction of robbery. This conviction is not the subject of the current petition for writ of habeas corpus. *See Bethea v. Dir., Dep't of Corr.*, No. 3:09cv770, 2010 WL 4702366 (E.D. Va. Nov. 12, 2010).

### B.     Direct Appeal to the Court of Appeals of Virginia

Bethea appealed his convictions to the Court of Appeals of Virginia. *Bethea*, No. 0639-06-1 (Va. App. Jan. 31, 2007). On appeal, Bethea was permitted to proceed with counsel. Bethea claimed that he "was denied due process by the state because the original charge of bank robbery was not first adjudicated in the federal court with original jurisdiction exclusive of the state court's." Petition for Appeal at 2, *Bethea*, No. 0639-06-1 (Va. App. Jan. 31, 2007) (capitalization corrected). Bethea also asserted that he received ineffective assistance of counsel because his attorney induced his guilty plea. Pro Se Supplemental Reply Br. at 1, *Bethea*, No. 0639-06-1 (Va. App. Jan. 31, 2007). The Court of Appeals of Virginia refused Bethea's petition, calling it "wholly frivolous." *Bethea*, No. 0639-06-1, at 1 (Va. App. Jan. 31, 2007). The Court of Appeals of Virginia refused to address Bethea's claim that he was denied effective assistance of counsel because such claims may not be made on direct appeal. *Id.* at 2. The Court of Appeals of Virginia granted appellate counsel's motion to withdraw. *Id.*

### C.     Direct Appeal to the Supreme Court of Virginia

Bethea then appealed to the Supreme Court of Virginia *pro se*, arguing, *inter alia*, that his Due Process and Equal Protection rights were violated because the state court instead of the federal court adjudicated his robbery of two bank tellers. The Supreme Court of Virginia summarily refused Bethea's petitions for appeal and rehearing. *Bethea v. Commonwealth*, No. 070842 (Va. Aug. 1, 2007); *Bethea v. Commonwealth*, No. 070842 (Va. Sept. 21, 2007).

3

### D. Direct Appeal to the Supreme Court of the United States

Bethea next filed a petition for a writ of certiorari in the Supreme Court of the United States, which summarily denied his petition on October 6, 2008. *Bethea v. Virginia*, 129 S. Ct. 157 (2008). The Supreme Court likewise summarily denied Bethea's petition for rehearing. *Bethea v. Virginia*, 129 S. Ct. 757 (2008).

### E. Collateral Review in the Supreme Court of Virginia

Bethea petitioned for a writ of habeas corpus in the Supreme Court of Virginia on September 18, 2008. In the petition, Bethea made the following claims, set forth verbatim:

> Claim One    Virginia Article 1 Sec: 8 violation, and U.S. Constitution 5th Amendment Violation " Double Jeopardy. " The actus reas during the course of single event, and transaction does not create distinct corpus delicti to develope separate indictments and as a vehicle for cumulative punishment in form of consecutive sentences forsame act.
>
> Claim Two    Virginia Article 1 Sec: 8 violation, and U.S. Constitution 5th and 14th Amendment violation : " Due Process. " Trial judge abused discretion, denied petitioner's motion to proceed pro se without colloquy.
>
> Claim Three    Virginia Article 1 Sec: 8 violation, and U.S. Constitution 6 Amendment violation - Right to : " Fair trial, " " Rebut, and submit evidence, " and " Confront accuser. " Ex facto proffering of erroneous evidence by prosecution ; and presentence report-no discovery, and cursory view of sentence by court appointed attorney through prison plexigas divider, and right to proceed pro se.
>
> Claim Four    Ineffective assistance of counsel as stated herein.

Pet. Writ Habeas Corpus at 3–4, *Bethea v. Dir., Dep't Corr.*, No. 081841 (Va. Aug. 13, 2009) (capitalization corrected). The Supreme Court dismissed the first three claims because they "could have been raised at trial and on direct appeal and, thus, are not cognizable in a petition for

4

a writ of habeas corpus." *Bethea v. Director*, No. 081841 (Va. Aug. 13, 2009) (*citing Slayton v. Parrigan*, 205 S.E.2d 680, 682 (Va. 1974)). Regarding Bethea's fourth claim, Bethea explained that he received ineffective assistance of counsel because his attorney (1) failed to ascertain the elements of the crime, (2) disregarded Bethea's persistent request to proceed *pro se*, (3) failed to disclose discovery, and (4) overlooked arguments to rebut the prosecution's evidence. Pet. Writ Habeas Corpus at 4, *Bethea*, No. 081841. The Supreme Court of Virginia rejected this claim because Bethea "failed to offer a valid reason why he should not be bound by his representation at trial that his counsel's performance was adequate." *Bethea*, No. 081841 (*citing Anderson v. Warden*, 281 S.E.2d 885, 888 (Va. 1981)).

On September 30, 2009, this Court received Bethea's petition for a writ of habeas corpus. The Court directed Bethea to amend his petition to challenge his conviction in only one Circuit Court, and on November 9, 2009 the Court received Bethea's amended petition for writ of habeas corpus pertaining to his convictions in the Chesapeake Circuit Court. (Docket No. 5.)

## II. ANALYSIS

### A. Exhaustion and Procedural Default

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (*quoting Preiser v. Rodriguez*, 411 U.S. 475, 491–92 & n.10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize "all

5

available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (*citing Matthews v. Evatt*, 105 F.3d 907, 910-11 (4th Cir. 1997)). As to whether a petitioner has used all available state remedies, the statute notes that a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

The second aspect of exhaustion requires a petitioner to have offered the state courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (*quoting Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)). Fair presentation demands that "'both the operative facts and the controlling legal principles must be presented to the state court.'" *Baker v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (*quoting Matthews*, 105 F.3d at 911). Thus, "the presentation to the state court of a state law claim that is similar to a federal claim does not exhaust the federal claim." *Id.* (*citing Duncan*, 513 U.S. at 366); *see Gray v. Netherland*, 99 F.3d 158, 162-64 (4th Cir. 1996) (concluding petitioner had not fairly presented his legal argument to the state courts). "The burden of proving that a claim has been exhausted lies with the petitioner." *Matthews*, 105 F.3d at 911 (*citing Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir. 1994)).

"A distinct but related limit on the scope of federal habeas review is the doctrine of procedural default." *Breard*, 134 F.3d at 619. This doctrine provides that "[i]f a state court

clearly and expressly bases its dismissal of a habeas petitioner's claim on a state procedural rule, and that procedural rule provides an independent and adequate ground for the dismissal, the habeas petitioner has procedurally defaulted his federal habeas claim." *Id.* (*citing Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)). A federal habeas petitioner also procedurally defaults claims when the "petitioner fails to exhaust available state remedies and 'the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred.'" *Id.* (*quoting Coleman*, 501 U.S. at 735 n.1).[4] The burden of pleading and proving that a claim is procedurally defaulted rests with the state. *Jones v. Sussex I State Prison*, 591 F.3d 707, 716 (4th Cir. 2010) (citing cases). Absent a showing of cause and prejudice or a fundamental miscarriage of justice, this Court cannot review the merits of a defaulted claim. *See Harris v. Reed*, 489 U.S. 255, 262 (1989).

### B. Claims 3 And 4: Violations Of Double Jeopardy And Right To Proceed *Pro Se*

In Claim 3, Bethea contends that receiving multiple punishments for a single action violates due process, equal protection, and protections against Double Jeopardy. Bethea argues that he only robbed one bank teller, and thus should not have received a second conviction for the robbery of a second bank teller who was also present. (*See* Feb. 28, 2006 Tr. 18–19.) In Claim 4, Bethea argues that his right to proceed *pro se* was violated when the sentencing court denied Bethea's request to do so.

---

[4] Under these circumstances, even though the claim has not been fairly presented to the Supreme Court of Virginia, the exhaustion requirement is "technically met." *Matthews*, 105 F.3d at 911 (*citing Sweezy v. Garrison*, 694 F.2d 331, 331 (4th Cir. 1982)).

Bethea raised Claim 3 for the first time in his petition for appeal in the Supreme Court of Virginia, Pet. Appeal at 18, *Bethea*, No. 070842 (Va. Aug. 1, 2007), which the Supreme Court of Virginia summarily refused.[5] Bethea raised Claim 3 again, and also raised Claim 4 for the first time, in his petition to the Supreme Court of Virginia for a writ of habeas corpus.[6] The Supreme Court of Virginia did not address the merits of these claims on collateral review, but found them defaulted under *Slayton*[7] because they could have been, but were not, raised at trial and on direct appeal. *Bethea*, No. 081841. Neither of these claims were raised before the Court of Appeals of Virginia.

Presenting claims for the first time to a state's highest court in a petition for discretionary review[8] after failing to raise the claim in prior proceedings ordinarily cannot satisfy the

---

[5] In his petition for appeal to the Supreme Court of Virginia, Bethea phrased Claim 3 as follows: "[P]etitioner received separate charges for robbery of two different tellers during the course of one transaction, the taking of property belonging to the Bank of America which the facts of this case support, violates Virginia Code 19.2-294." Pet. Appeal at 18, *Bethea*, No. 070842 (Va. Aug. 1, 2007).

[6] In his petition to the Supreme Court of Virginia for a writ of habeas corpus, Bethea phrased Claim 3 as follows: "The actus reas during the course of single event, and transaction does not create distinct corpus delicti to develope separate indictments and as a vehicle for cumulative punishment in form of consecutive sentences forsame act." Pet. Writ Habeas Corpus at 3, *Bethea v. Dir., Dep't Corr.*, No. 081841 (Va. Aug. 13, 2009) (all errors in the original).

[7] "A prisoner is not entitled to use habeas corpus to circumvent the trial and appellate processes for an inquiry into an alleged non-jurisdictional defect of a judgment of conviction." *Slayton*, 205 S.E.2d at 682 (barring claims that could have been raised at the criminal trial or on direct appeal from habeas review).

[8] Review by the Supreme Court of Virginia is in the discretion of that court. *See* Va. Code Ann. § 17.1-312 ("The appellate jurisdiction of the Supreme Court in any criminal case *may* be exercised at any place of session, no matter where the court may have been held which rendered the judgment in such case." (emphasis added)); Va. Code Ann. § 17.1-411 ("[A]ny party aggrieved by a final decision of the Court of Appeals . . . may petition the Supreme Court

8

exhaustion requirement. *Castille v. Peoples*, 489 U.S. 346, 351 (1989) (holding that the exhaustion requirement is not satisfied when a claim is "presented for the first and only time in a procedural context in which its merits will not be considered unless there are special and important reasons therefor." (internal quotation marks omitted)). Because Bethea presented Claims 3 and 4 for the first time in discretionary petitions to the Supreme Court of Virginia, he did not properly exhaust these claims on direct review. *See Ivey v. Catoe*, 36 F. App'x 718, 730 n.11 (4th Cir. 2002); *see also Casey v. Moore*, 386 F.3d 896, 918 (9th Cir. 2004); *Cruz v. Warden*, 907 F.2d 665, 669 (7th Cir. 1990) ("Submitting a new claim to a state's highest court on discretionary review does not constitute a fair presentation."). "However, if the claim[s are] now procedurally barred under state law," then they are deemed exhausted. *Ivey*, 36 F. App'x at 730.

In this case, when Bethea attempted to present these claims to the state courts, the claims were found barred under *Slayton* from state review. *Slayton* is an adequate and independent state procedural rule when so applied. *See Mu'Min v. Pruett*, 125 F.3d 192, 196–97 (4th Cir. 1997); *Boozer v. Ray*, No. 3:08cv489, 2009 WL 1975032, at *5 n.8 (E.D. Va. July 8, 2009). Thus, Bethea has failed to exhaust Claims 3 and 4, and they are procedurally defaulted. Bethea does not offer any cause for his default, and he does not allege that a fundamental miscarriage of

---

for an appeal. . . . The granting of such petitions shall be in the discretion of the Supreme Court.").

9

justice would occur if this Court does not hear his claims on the merits.[9] Accordingly, Claims 3 and 4 will be DISMISSED.

### C. Claim 1: Lack of Jurisdiction

In Claim 1, Bethea contends that the state trial court did not have jurisdiction over his offenses because federal courts have exclusive, original jurisdiction over bank robbery offenses. Bethea's entire claim reads as follows:

> Federal Subject Matter Jurisdiction over Federal change of Bank Robbery verus State jurisdiction over Common Law Robbery. Federal Court, original exclusive over state
> Contrary to Appeal Court opinion , Bank Act was intended by congress to be : equivalent to : " Lands reserved or acquired for the use of the U.S. ". Jerome v. United States 318 US 101 at 106 (1943) than state cede jurisdiction . ( Appeal Court 0639-06-1 pg.1-2 )

(§ 2254 Pet. 6 (all errors in original).)

The Court of Appeals of Virginia, calling this claim "wholly frivolous," held that the Commonwealth of Virginia cedes concurrent jurisdiction to the United States only when crimes are committed on lands transferred to the federal government, of which there is no evidence in this case. *Bethea*, No. 0639-06-1 (Va. Ct. App. Jan. 31, 2007) (*citing Campbell v. Commonwealth*, 571 S.E.2d 906, 909 (Va. Ct. App. 2002)). "When a defendant violates both state and federal laws, either the state or the United States or both may prosecute him." *United*

---

[9] Bethea does claim that it was his lawyer's duty "to preserve challenges related to pre & post trial motions" and that his attorney's failure to do so constitutes a miscarriage of justice. (§ 2254 Pet. 7.) A fundamental miscarriage of justice, however, refers to a claim of actual innocence of the underlying crime. *Breard*, 134 F.3d at 620. Thus, Bethea's invocation of a miscarriage of justice does not excuse his default.

10

States v. Nathan, 202 F.3d 230, 233 (4th Cir. 2000) (*citing United States v. Smith*, 30 F.3d 568, 572 (4th Cir. 1994)).

Bethea was convicted and sentenced pursuant to section 18.2-58 of the Virginia Code. That Code provision provides in pertinent part, "If any person commit robbery by . . . putting a person in fear of serious bodily harm, or by the threat or presenting of firearms . . . he shall be guilty of a felony . . . ." Va. Code Ann. § 18.2-58. Although Bethea's robberies occurred in a bank, Bethea was not charged with bank robbery. On the day that Bethea pleaded guilty, the Circuit Court clerk read the charges:

> THE CLERK: In the Circuit Court of the City of Chesapeake, the Commonwealth of Virginia versus Michael Alexander Bethea, Docket Number 05-3313, the grand jurors of the Commonwealth of Virginia and of the City of Chesapeake, attending the court aforesaid, upon their oathes present that:
>
> In the [C]ity of Chesapeake, Michael Alexander Bethea, on or about the 15th day of August 2005, did feloniously rob Clarissa Wilkins, a teller at Bank of America, of U.S. currency or property in violation of 18.2-58, of the Code of Virginia, 1950, as amended.
>
> How do you plead? Guilty or not guilty?
>
> THE DEFENDANT: Guilty.
>
> THE CLERK: Docket Number 05-3314, the grand jurors of the Commonwealth of Virginia and of the City of Chesapeake, attending the court aforesaid, upon their oaths present that:
>
> In the [C]ity of Chesapeake, Michael Alexander Bethea, on or about the 15th day of August 2005, did feloniously rob Kentremendously Evans, a teller at Bank of America, of U.S. currency or property in violation of 18.2-58, of the Code of Virginia, 1950, as amended.
>
> How do you plead? Guilty or not guilty?

THE DEFENDANT: Guilty.

(Nov. 18, 2005 Tr. 10–11.) It is clear that Bethea was charged with and pleaded guilty to two counts of robbery, a state crime. Accordingly, Claim 1 lacks merit and will be DISMISSED.

### D. Claims 2(a) And 2(b): Ineffective Assistance of Counsel

In Claim 2(a), Bethea contends that he received ineffective assistance of counsel because his attorney consulted with Bethea only once prior to the plea hearing. In Claim 2(b) Bethea argues that he received ineffective assistance of counsel because his attorney withheld discovery from Bethea, which permitted the prosecution to introduce "erronious [sic] evidence" that induced his guilty plea. (§ 2254 Pet. 7–8.) Withholding the evidence, Bethea avers, resulted in Bethea's "ignorance [of] the charging of separate indictments." (§ 2254 Pet. 8.) Bethea states that the discovery that his attorney withheld includes victim impact statements. (§ 2254 Pet. 8.)

In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court held that to demonstrate the ineffective assistance of counsel, a defendant first must show that counsel's representation was deficient and, then, must establish that the deficient performance prejudiced the defense. *See id.* at 687. To satisfy the deficient performance facet of *Strickland*, the defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (*quoting Strickland*, 466 U.S. at 689). Prejudice requires a defendant to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. In analyzing

ineffective assistance of counsel claims, it is not necessary to "determine whether counsel's performance was deficient before examining the prejudice" issue. *Id.* at 697.

In the context of a guilty plea, the Supreme Court has modified the prejudice prong of *Strickland* to require a showing that "there is a reasonable probability that, but for counsel's errors, [petitioner] would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Although this inquiry focuses on a subjective question, "the answer to that question must be reached through an objective analysis." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988). In conducting this inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73–74 (1977).

Thus, "[a]bsent clear and convincing evidence to the contrary, a defendant is bound by the representations he makes under oath during a plea colloquy." *Fields v. Att'y Gen. of Md.*, 956 F.2d 1290, 1299 (4th Cir. 1992) (*citing Blackledge*, 431 U.S. at 74–75; *Little v. Allsbrook*, 731 F.2d 238, 239–40 n.2 (4th Cir. 1984)). "[N]othing in the record supports the proposition that [Bethea's] guilty plea was other than voluntary and intelligent." *Id.* Bethea's plea colloquy demonstrates that he approved of the quality of legal representation he had received and he swore under oath that his guilty plea was entered "freely and voluntarily." (Nov. 18, 2005 Tr. 12–16.) During that proceeding, Bethea swore that he "fully underst[oo]d the charges against" him, and that he had "discussed those charges and their elements with [his] lawyer." (Nov. 18, 2005 Tr. 12.) Bethea also stated that he was "pleading guilty because [he was] guilty of the crimes charged" and that he was "giving up the right to confront and cross-examine the

13

Commonwealth's witnesses." (Nov. 18, 2005 Tr. 13–14.) Bethea also swore under oath that he was "entirely satisfied with the services of [his] lawyer." (Nov. 18, 2005 Tr. 14.) Bethea then waived his right to appeal the decision of the Circuit Court. (Nov. 18, 2005 Tr. 14.)

Because Bethea's sworn statements during the plea colloquy contradict his current claim, and because Bethea has not presented clear and convincing evidence why he should not be bound by his prior statements, the Court finds that his current allegations are unsupported by the record before the Court. *Blackledge*, 431 U.S. at 74. Furthermore, because Bethea does not allege that he would have pleaded not guilty if his attorney had provided him with the discovery he complains about, he has not satisfied *Strickland*'s prejudice prong. *Hill*, 474 U.S. at 59. Lastly, the record plainly countermands Bethea's claim that he did not know he had been charged with robbery in two separate indictments. (*See supra* Part II.C.) Accordingly, Claims 2(a) and 2(b) will be DISMISSED.

### E. Claim 5: Prohibition Against Introducing Favorable Evidence

In Claim 5, Bethea complains that the Circuit Court did not permit him to introduce favorable evidence during his sentencing hearing. Claim 5 reads in its entirety: "Petitioner had wrote letter to Chesapeake Court 12/05 that he be allowed to present, and refute prosecution's evidence regarding petitioner's conduct during the alleged robbery . . . denied during the sentence hearing. The accused has the right to call for evidence in his favor." (2254 Pet. 8 (citations omitted).) The only case which Bethea cites, *Bobo v. Commonwealth*, 48 S.E.2d 213 (Va. 1948), stands for the proposition that an accused has the right to prepare for trial and interview material witnesses. *Bobo*, 48 S.E.2d at 215. In this case, however, Bethea was no longer "an accused" at his sentencing hearing; he had pleaded guilty and was convicted.

14

It appears that Bethea wanted the Court to review his parole records during sentencing. (Feb. 28, 2006 Tr. 10.) The record, however, demonstrates that Bethea was afforded an opportunity to testify and present evidence at his sentencing hearing during direct examination.[10] When testifying, Bethea explained the contents of the parole records and provided the Court with a narrative of his life's history, his financial situation, his employment history, his traumatic childhood, and the fact that he was homeless. (Feb. 28, 2006 Tr. 8–12.) When he finished, Bethea said, "That's all I have to say." (Feb. 28, 2006 Tr. 12.) After Bethea's cross-examination and the parties' closing arguments, the Court asked Bethea, "Is there anything you would like to say to the Court?" (Feb. 28, 2006 Tr. 23.) Although Bethea explained that he never intended to injure anyone, Bethea did not attempt to introduce any evidence. (Feb. 28, 2006 Tr. 24.)

Bethea does not demonstrate that he was denied the opportunity to present evidence at sentencing. The Court finds that the Circuit Court properly gave Bethea the opportunity to present his allocution and "advance any reason why judgment should not be pronounced against him." Va. Code Ann. § 19.2-298; *see also Green v. United States*, 365 U.S. 301, 304 (1961). Bethea fails to demonstrate that the Circuit Court violated any right he had to more or different evidence at sentencing. Accordingly, Claim 5 will be DISMISSED.

### III. CONCLUSION

For the reasons stated above, Respondent's Motion to Dismiss (Docket No. 16) will be GRANTED. Bethea's Motion for Expansion of the Record (Docket No. 25) will be GRANTED.

---

[10] "After the Commonwealth has introduced in its case-in-chief of the sentencing phase . . . , the defendant may introduce relevant, admissible evidence related to punishment. Nothing in this section shall prevent the Commonwealth or the defendant from introducing relevant, admissible evidence in rebuttal." Va. Code Ann. § 19.2-295.1; *see Commonwealth v. Shifflett*, 510 S.E.2d 232, 236 (Va. 1999).

15

Bethea's claims will be DISMISSED. The petition for writ of habeas corpus will be DENIED. This action will be DISMISSED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Bethea is entitled to further consideration in this matter. A certificate of appealability will therefore be DENIED.

An appropriate Final Order will accompany this Memorandum Opinion.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 2-7-11
Richmond, Virginia