IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**MICHAEL ALEXANDER BETHEA,**

    Petitioner,

v.                                               Civil Action No. 3:09cv613

**DIRECTOR, DEPARTMENT OF CORRECTIONS,**

    Respondent.

## MEMORANDUM OPINION

Michael Alexander Bethea, a Virginia inmate proceeding *pro se*, brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Bethea challenged his conviction in the Cheasapeake Circuit Court ("Circuit Court") for robbery of two bank tellers, a crime to which Bethea pleaded guilty. By Memorandum Opinion and Final Order entered on February 7, 2011, the Court denied Bethea's petition for a writ of habeas corpus. *Bethea v. Dir., Dep't Corr.*, No. 3:09cv613, 2011 WL 497896 (E.D. Va. Feb. 7, 2011). On February 14, 2011,[1] Bethea filed a Motion to Amend or Alter Judgment pursuant to Federal Rule of Civil Procedure 59(e). (Docket No. 30.)

Bethea's Rule 59(e) motion does not clearly delineate his grounds for filing the motion. Accordingly, the Court categorizes his reasons as follows:

    Ground One    Bethea "had no knowledge of state preservation procedure and that post conviction which included any constitutional challenges were applicable to habeas corpus."[2] (Mot. Amend 1.)

---

[1] The Court deems the motion filed on the date Bethea swears he handed the motion to prison staff for mailing. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] Capitalization in quotations to Bethea's submissions has been corrected.

Ground Two   Bethea was denied access to the law library and to legal materials which inhibited his ability to understand state court procedures and his ability to develop a First Amendment[3] claim.

Ground Three   "When the government seek to prove that a single act or occurrence result in multiple violations of the same statu[t]e, the Rule of Lenity requires only one punishment unless legislative intent to impose multiple punishments is shown . . . ." (Mot. Amend 2.)

Ground Four   Bethea's guilty plea was not knowing or voluntary.

Ground Five   Bethea was denied an appeal due to his counsel's ineffective assistance.

Ground Six   Bethea should have been prosecuted under federal law for bank robbery instead of under state law for robbery.

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotation marks omitted). Relief under Rule 59(e) is appropriate "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Bethea's motion does not satisfy any of the three grounds for Rule 59(e) relief. To the extent Bethea seeks to relitigate matters that were decided adversely to him, relief is unavailable to him by way of Rule 59(e). *Pac. Ins. Co.*, 148 F.3d at 403 (noting that relitigation is not a proper basis for Rule 59(e) relief). Furthermore, to the extent that Bethea seeks to raise new claims, such as denial of access to the courts, a Rule 59(e) motion is not the appropriate vehicle

---

[3] "Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances." U.S. Const. amend I.

2

for doing so. Accordingly, Bethea's motion for Rule 59(e) relief (Docket No. 30) will be DENIED.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (*quoting Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Bethea is entitled to further consideration in this matter. A certificate of appealability will therefore be DENIED.

The Clerk is DIRECTED to send a copy of the Memorandum Order to Bethea and counsel for Respondent.

It is so ORDERED.

/s/ M. Hannah Lauck
United States Magistrate Judge

Date: 6/21/11
Richmond, Virginia